In the United States District Court
For the Middle District of Pennsylvania

| | | |
|---|---|---|
| Sachs | : | |
| Plaintiff | : | Case No. 3:13-CV-2380 |
| v. | : | (Judge Richard P. Conaboy) |
| Metropolitan Direct Property & Casualty Insurance Company | : | |
| Defendant. | : | |

**FILED
SCRANTON**

MAY 0 9 2014

PER _____ 𝒞𝒯ℒ
DEPUTY CLERK

## Memorandum

We consider here a Motion to Dismiss (Doc. 16) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Metropolitan Direct Property and Casualty Insurance Company ("Metropolitan"). This motion has been fully briefed (Docs. 17, 18 and 19) by the parties and is now ripe for disposition.

## I.    Background.

Plaintiff Michael Sachs ("Plaintiff" or Sachs") filed a three-count complaint (Doc. 1, Ex. A) on August 15, 2013 in the Monroe County Court of Common Pleas. The third count of that complaint, which is predicated on the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), is the object of Metropolitan's Motion to Dismiss. Metropolitan removed this case on the basis of diversity jurisdiction on September 16, 2013 (Doc. 1) and filed its Motion to Dismiss on January 10, 2014.

1

## II.  Legal Standard.

### Standard of Review

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan*, 577 F.3d at 530.  The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but

2

> may disregard any legal conclusions. [*Iqbal*,
> 129 S. Ct. at 1949.]  Second, a District
> Court must then determine whether the facts
> alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible
> claim for relief."  *Id.* at 1950.  In other
> words, a complaint must do more than allege a
> plaintiff's entitlement to relief.  A
> complaint has to "show" such an entitlement
> with its facts.  *See Philips* [*v. Co. of
> Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )].  As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint
> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'"  *Iqbal*,
> 129 S. Ct. at 1949.  This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense."  *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

**III. Discussion.**

This case arises from the contractual relationship established between the parties by a homeowner's insurance policy underwritten by Metropolitan.  Sachs filed two separate claims for water damage

to the insured premises and/or its contents on October 30, 2010 and January 28, 2011. (Doc. 1, Ex. A, ¶¶ 7 and 41). Sachs alleges that Metropolitan's refusal to pay the appropriate amount of benefits owed under the contract of insurance has caused him to suffer damages in excess of $50,000.00. (Doc. 1, Ex. A, ¶ 67). Sachs also seeks statutory damages under 42 Pa. C.S.A. § 8371(Bad Faith) and 73 Pa. C.S.A. §§ 201-1 et seq. (The UTPCPL claim). It is Metropolitan's challenge to the viability of the UTPCPL claim that must be decided here.

The parties both recognize that "[I]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the Unfair Trade Practices and Consumer Protection Law...and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." Gardener v. State Farm Fire and Casualty Co. 544 F.3d 553, 564 (2008)(citing Horowitz v. Federal Kemper Life Assur. Co. 57 F.3d 300, 307 (1995). See Doc. 17 at 7 and Doc. 18 at 5. The parties disagree whether Sachs has adequately pled malfeasance in his complaint.

Sachs' brief calls attention to six paragraphs of his complaint that he claims contain allegations of malfeasance. (Doc. 18 at 6). While the Court does not necessarily agree that each of the allegations made by Sachs would, even if proven, constitute malfeasance as opposed to mere nonfeasance, the Court does conclude

4

that Sachs has adequately pled malfeasance in this case.  Sachs'
allegations: (1) regarding Metropolitan's misrepresentation of the
value of his deductible (Complaint, ¶ 30-34); (2) regarding
Metropolitan's assertion that Sachs' damages were not covered by
the policy because he had not heated his house (Complaint, ¶ 71b );
and (3) regarding Metropolitan's misrepresentation of pertinent
facts or policy provisions (Complaint, ¶ 71j ); go beyond the realm
of nonfeasance and enter the realm, if proven, of malfeasance.
These allegations are indicative of an attempt to evade contractual
responsibilities, the very thing the Pennsylvania legislature
sought to address in enacting the UTPCPL.  See Pirozzi v. Penske
Olds-Cadillac-GMC, Inc. 605 A.2d 373, 375 (Pa. Super 1992).

Defendant Metropolitan also argues (Doc. 17 at 2 and Doc. 19
at 3-4) that, because Sachs' complaint does not specifically allege
that he justifiably relied on Metropolitan's misrepresentations, it
is legally infirm and must be dismissed.  This argument is hyper-
technical and inimical to the notice pleading requirements of Rule
8 of the Federal Rules of Civil Procedure.  See Rice v. State Farm
Fire and Casualty Co., 2010 WL 3398988(M.D.Pa.)(McClure, J.).  It
is beyond obvious that Sachs justifiably relied upon Metropolitan's
various contractual promises to provide him with the coverages and
benefits specified in their contract.  Beyond that,  Metropolitan
has received the sort of fair notice of the nature of Sachs' claim
and the grounds upon which it rests required by Bell Atlantic,

supra.  For now, Sachs' claim based upon the UTPCPL must be allowed
to stand.  An Order consistent with these determinations will be
filed simultaneously herewith.

BY THE COURT

Honorable Richard P. Conaboy
United States District Court

Dated: 5-9-14